UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC GOLDNER,

                        Plaintiff,

-against-

RALPH EDWARDS/STU BILLET PRODUCTIONS, *et al.*,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/6/2020

20 Civ. 2764 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    This action arises out of a contract between Plaintiff *pro se*, Marc Goldner, and Defendants, Ralph Edwards/Stu Billet Productions, a television production company, and others involved in producing a television show titled "The People's Court." Compl. at 3, ECF No. 1. Plaintiff appeared on an episode of The People's Court, which was filmed on November 12, 2019 and is scheduled to air on or about April 10, 2020. *Id.* at 8, 10. Plaintiff seeks a "temporary injunction" that will prevent this episode from airing. *Id.* at 61. Plaintiff contends that if the Court does not prevent the episode from airing, he will suffer irreparable harm. *Id.* at 10. For the reasons stated below, the application is construed as a request for a temporary restraining order ("TRO") under Rule 65(b) of the Federal Rules of Civil Procedure and is DENIED.

    I.     Legal Standard

    A motion for emergency relief, without notice to opposing parties or a hearing, designed to maintain the status quo pending resolution of the case is best construed as a request for a TRO. *See Riddick v. Maurer*, 730 F. App'x 34, 36 (2d Cir. 2018) ("[T]o determine whether an order qualifies as a TRO or preliminary injunction . . . courts look to such factors as the subject matter of the order, its duration, and whether or not notice and hearing of both parties were had." (internal quotation marks, citation, and alterations omitted)). The purpose of a TRO is "only to preserve the status quo . . . until after the presentment of further evidence on the merits of the [plaintiff's] claims." *Mastrio v. Sebelius*, 768 F.3d 116, 121 (2d Cir. 2014) (internal quotation marks and citation omitted). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, No. 17 Civ. 6761, 2017 WL 4685113, at *1 (S.D.N.Y. Oct. 17, 2017) (internal quotation marks and citation omitted). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

    II.    Analysis

    Plaintiff seeks "a temporary injunction to prevent an episode of The People's Court from airing." Compl. at 61. Such an injunction is an example of a prior restraint, which is contrary to the public interest. *See Page v. Oath Inc.*, No. 17 Civ. 6990, 2018 WL 1474620, at *1 (S.D.N.Y. Mar.

26, 2018), *aff'd on other grounds sub nom. Page v. United States Agency for Glob. Media*, No. 18-2295-CV, 2019 WL 6465060, at *3 (2d Cir. Dec. 2, 2019) (holding that request to enjoin defendant from "using his name to continue the spread of discriminatory, libellous, slanderous, misleading and false information about him" was "a classic example of a prior restraint, which is both offensive to the First Amendment and contrary to the public interest" (internal quotation marks omitted)); *see e.g.*, *Citizens United v. Schneiderman*, 882 F.3d 374, 386 (2d Cir. 2018) (defining a prior restraint as "a law, regulation or judicial order that suppresses speech . . . on the basis of the speech's content and in advance of its actual expression" (internal quotation marks and citation omitted)); *In re G. & A. Books, Inc.*, 770 F.2d 288, 296 (2d Cir. 1985) (holding that a prior restraint "may take the form of orders prohibiting the publication or broadcast of specific information"); *see also Menendez v. Fox Broadcasting*, No. 94 Civ. 2339, 1994 WL 525520, at *1–2 (C.D. Cal. Apr.19, 1994) (denying request to enjoin docudrama about highly-publicized murders while retrial of defendants was pending). Prior restraints are "the most serious and the least tolerable infringement" on the rights of free speech and press. *Neb. Press Assn v. Stuart*, 427 U.S. 539, 559 (1976). And "even speech containing factual errors or constituting defamatory statements is not beyond the scope of the First Amendment's protection," and cannot be subject to a prior restraint except in the most extraordinary circumstances. *Page*, 2018 WL 1474620, at *2.

Because granting Plaintiff's request would constitute an unjustified prior restraint, and because such restraints are not in the public interest, the Court holds that Plaintiff has not shown one of the requirements necessary for the Court to issue a preliminary injunction. The failure to prove one element necessary for an injunction to issue is fatal to the motion. *See Tait v. Accenture PLC*, No. 18 Civ. 10847, 2019 WL 2473837, at *2 (S.D.N.Y. June 13, 2019) (holding that "if the moving party fails to demonstrate that [irreparable] injury is likely, a court need not consider the other elements of the preliminary injunction standard"); *see also BigStar Entm't, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 191 (S.D.N.Y. 2000) ("A preliminary injunction is an extraordinary equitable remedy which places on the movant the burden of proving each element requisite for such relief."). It is not necessary, therefore, for the court to address the remaining elements in this order.

\#	For the reasons set forth above, Plaintiff's application for a TRO is DENIED.

SO ORDERED.

Dated: April 6, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

2