UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC GOLDNER,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: <u>4/9/2020</u>

              Plaintiff,

    -against-

20 Civ. 2764 (AT)

RALPH EDWARDS/STU BILLET PRODUCTIONS, *et al.*,

**<u>ORDER</u>**

              Defendants.

ANALISA TORRES, District Judge:

On April 6, 2020, the Court issued an order denying an application for a temporary restraining order made by Plaintiff *pro se*.[1]  April 6 Order, ECF No. 7.  On April 8, 2020, Plaintiff wrote to the Court, seeking reconsideration of the April 6 Order.  ECF No. 12.

"Local Rule 6.3 permits a party to move for reconsideration based on matters or controlling decisions which counsel believes the court has overlooked."  *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks and citation omitted); *see also Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001).  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  *Dietrich*, 198 F.R.D. at 399.  "A motion for reconsideration is neither an opportunity to advance new facts or arguments nor to reiterate arguments that were previously rejected."  *M.K.B. v. Eggleston*, No. 05 Civ. 10446, 2006 WL 3230162, at *1 (S.D.N.Y. Nov. 7, 2006).  "Rather, the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision: in other words, an obvious and glaring mistake."  *Id.*

Plaintiff's motion for reconsideration must be denied, for he has not raised any facts or caselaw that was not previously considered by the Court.  *See Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 351 (S.D.N.Y. 2003) ("[Plaintiff] has failed to put forward any controlling decisions or factual matters that were placed before the Court when it determined that the complaint should be dismissed. On these grounds alone, the motion must be denied.").  Plaintiff has not presented any controlling decisions that contradict the Court's holding that the requested TRO would constitute an unjustified prior restraint, which is not in the public interest.  April 6 Order at 2; *Page v. Oath Inc.*, No. 17 Civ. 6990, 2018 WL 1474620, at *1 (S.D.N.Y. Mar. 26, 2018), *aff'd on other grounds sub nom. Page v.*

---

[1]  In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

*United States Agency for Glob. Media*, No. 18 Civ. 2295, 2019 WL 6465060, at *3 (2d Cir. Dec. 2, 2019) (holding that request to enjoin defendant from "using his name to continue the spread of discriminatory, libellous, slanderous, misleading and false information about him" was "a classic example of a prior restraint, which is both offensive to the First Amendment and contrary to the public interest" (internal quotation marks omitted)). And even though Plaintiff is *pro se*, such status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Greenblatt*, 265 F. Supp. 2d at 350 (internal quotation marks and citation omitted).

Accordingly, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated: April 9, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge