UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC GOLDNER,

        -against-

RALPH EDWARDS/STU BILLET PRODUCTIONS, *et al.*,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/2021_____

20 Civ. 2764 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 2, 2020, Plaintiff *pro se* filed this action. ECF No. 1. On April 6, 2020, the Court directed Plaintiff to serve the summons and complaint on each Defendant within 90 days of the Clerk of Court issuing summonses, and warned him that failure to serve Defendants could result in the Court dismissing his claims for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 8. On April 13, 2020, the Clerk of Court issued summonses. 4/13/2020 Docket Entry. After more than 90 days had passed, on August 14, 2020, the Honorable Barbara C. Moses issued an order *sua sponte* extending Plaintiff's time to serve the summonses and complaints until October 14, 2020, in light of his *pro se* status and the COVID-19 pandemic. ECF No. 16. Judge Moses again warned Plaintiff that failure to serve Defendants could result in the Court dismissing his claims pursuant to Rule 41(b). *Id.* On October 19, 2020, Judge Moses issued an order directing Plaintiff to show cause by November 12, 2020, as to why his action should not be dismissed for failure to prosecute pursuant to Rule 41(b). ECF No. 17. That same day, the Clerk of Court mailed a copy of that order to Plaintiff. 10/19/2020 Docket Entry.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua*

*sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket [balanced] against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, Plaintiff has failed to participate in the prosecution of this action for at least one year. He has also defied three court orders directing him to serve Defendants and to prosecute his action. *See* ECF Nos. 8, 16, 17. Second, the Court warned Plaintiff on two occasions that failure to serve Defendants could result in dismissal for failure to prosecute. ECF Nos. 8, 16. And Judge Moses' October 19, 2020 order reiterated that notice. ECF No. 17. Third, "[p]rejudice to defendants resulting from

unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Here, Plaintiff's unexcused delay has been exceptionally long.  Fourth, dismissal without prejudice properly balances the "need to clear [the] calendar without unduly penalizing a *pro se* litigant for failing to comply with" a court order.  *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010).  Finally, any sanction less than dismissal without prejudice would seemingly be ineffective because Plaintiff has failed to respond to court orders over a lengthy period.  *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

Accordingly, the case is DISMISSED without prejudice for failure to prosecute pursuant to Rule 41(b).

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se* and to close this case.

SO ORDERED.

Dated: June 4, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge